**Opinion filed May 11, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00063-CR
_____

**BRIAN TED RIOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 11044**

## M E M O R A N D U M   O P I N I O N

Brian Ted Rios has filed an untimely pro se notice of appeal from his judgment of conviction for the offense of aggravated sexual assault. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence was imposed on October 31, 2022, and that his notice of appeal was received by the clerk of this court on March 29, 2023, and then filed in the district clerk's office on April 3, 2023. When the appeal was filed in this court, we notified Appellant by letter that

the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We also notified Appellant that the trial court had certified that this is a plea-bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art 44.02 (West ____). We requested that Appellant respond to our letter and show grounds to continue. Appellant has not filed a response showing grounds to continue this appeal.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed 154 days after his sentence was imposed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Moreover, the trial court's certification reflects that this is a plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, this appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

May 11, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.